## DeClarico v. Witney

*Louis D. Stefan*, for plaintiff.

*Aaron S. Swartz, 3rd*, for defendant.

KNIGHT, P. J., April 20, 1956.—The verdict was for plaintiff and defendant has filed these motions.

Since plaintiff has the verdict all questions of fact must be decided in his favor and he is entitled to all reasonable inferences that may be drawn from the evidence.

So viewed the facts may be stated as follows: Plaintiff and his neighbor desired to build a patio in front

of their houses on Orange Avenue in the Borough of Ambler. They ordered a truckload of ready-mixed concrete from defendant.

On the afternoon of June 25, 1953, the truckload of concrete arrived at plaintiff's premises. In order to put the truck in a position where the concrete would flow into wheelbarrows, it was necessary to back the truck up a terrace or embankment. This the driver of the truck did but, when up to the required height, the truck, after remaining stationary for about a half minute, would roll or slide down. After two or three such attempts the driver told plaintiff to get a brick and block the wheel. Plaintiff testified the driver said, page 11 of notes: "He would back up and hold it there while I blocked the tire . . ." And again plaintiff testified the driver said, page 11 of notes: "He would hold the truck up there while I blocked the tire up." The truck was backed up the embankment and plaintiff placed the brick as directed by the driver, but in a split second the truck rolled or slipped forward and plaintiff's hand was crushed between the brick and the tire.

Here we have more than the mere happening of an accident; here we have plaintiff following the instructions of the driver and relying upon his assurance that he would hold the truck stationary while plaintiff put the block under the wheel. It seems to us that under these circumstances defendant would have the burden of explaining why he failed to keep the truck stationary and what caused it to roll or slide forward. Since defendant's version of the accident was entirely different, no explanation was forthcoming.

On the two or three attempts prior to the accident the truck was stopped on the embankment or slope and remained stationary for about half a minute before sliding or rolling down. If the driver could hold the truck for half a minute on the prior occasions,

why could he not hold it on the last try if he had been careful?'

On page 11 of the notes, plaintiff testified:
"Q. But did he back the truck up then?
"A. Yes.
"Q. Did he stop the truck?
"A. Yes.
"Q. Then what did you do?
"A. I went to put the brick under it and it came right down on my hand."

From all of the evidence we are of the opinion that the jury could find that defendant's driver failed in the duty he owed plaintiff.

Like counsel for defendant we have been unable to find any case where the facts were at all like the facts here presented. The nearest we could find were the railroad cases of which Rosenfield v. Lehigh Valley Railroad Co., 113 Pa. Superior Ct. 424, is a good example. In that case a crossing watchman signaled plaintiff to proceed and he did so and was injured; the case turns more on the contributory negligence of plaintiff and the negligence of defendant seems to have been assumed.

Of course many things may be imagined that could have caused the accident without negligence on the part of defendant but the test is whether there is enough evidence from which a jury could infer a lack of care on the part of the driver of defendant's truck and we are of the opinion that there was such negligence in this case.

For a full discussion of inferred negligence in cases similar to that at bar, see Kotal v. Goldberg, 375 Pa. 397 (1953), and particularly the long concurring opinion of Mr. Justice Bell.

And now, April 20, 1956, the motions for judgment n. o. v. and for a new trial are overruled.